UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRAIDAN COY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01920-JPH-KMB |
| | ) |
| YARBER, | ) |
| IVY, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| c/o Riordan, | ) |
| c/o Jackson, | ) |
| | ) |
| Interested Parties. | ) |

**ORDER DENYING WITHOUT PREJUDICE MOTIONS
FOR ASSISTANCE WITH RECRUITING COUNSEL AND GRANTING IN PART
MOTION FOR EXTENSION OF TIME**

Plaintiff Braidan Coy has filed two motions for assistance recruiting counsel, dkts. 41, 58, and a motion asking to extend his time to respond to Defendants' discovery requests based on the pendency of his request for counsel, dkt. 59. The Court resolves the motions separately in this Order.

**I.    Motions for Assistance with Recruiting Counsel (Dkts. 41, 58)**

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a

pro bono assignment in every pro se case.  *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc)).  These two questions "must guide" the Court's determination whether to attempt to recruit counsel.  *Id.*  These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.  *See Pruitt*, 503 F.3d at 655–56.  The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases.  *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry."  *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was

precluded from doing so, the judge's denial of these requests was not an abuse of discretion).  Plaintiff has not indicated whether he has attempted to contact any attorneys.  Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance.  *See Thomas*, 912 F.3d at 978.  His motions for assistance with recruiting counsel are due to be denied on that ground alone.

But even if the Court moved to the second step of the analysis, it would deny the motions.  "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself."  *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655).  "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'"  *Id.* (quoting *Pruitt*, 503 F.3d at 655).  "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'"  *Id.* (quoting *Pruitt*, 503 F.3d at 655).

In this case, Plaintiff alleges that Defendants used excessive force in deploying pepper spray, delayed his access to medical care after the pepper spray incident, and took four days to decontaminate the cell into which the pepper spray was deployed.  Dkt. 8.  Discovery recently closed.  Dkt. 16.  Plaintiff argues that he needs counsel because he has no litigation experience

(such as experience with summary judgment motions, trials, or settlement discussions), wants to take depositions but does not know how to do so, and is unsure whether he should object to Defendants' discovery requests. Dkts. 41, 58. The motions include no information suggesting that he has difficulty reading or writing English or that he suffers from any medical or mental health conditions that make it difficult for him to litigate this case.

The Court appreciates that Plaintiff lacks experience with litigation, but that is true of nearly all incarcerated plaintiffs. And, as stated, there are not enough attorneys available to represent every plaintiff who might benefit from counsel's assistance. Plaintiff's claims are not factually or legally complex, and he has personal knowledge of most of the facts. The record reflects that Plaintiff has served discovery requests on Defendants, *see* dkt. 34 (Defendants' motion requesting additional time to respond to discovery requests), and they were also required to provide him with relevant documents as part of their initial disclosures, *see* dkt. 16. To date, Plaintiff's submissions to the Court have been coherent and shown his ability to communicate with the Court about his case.[1] The Court can also mitigate some of the burdens associated with being a pro se litigant by extending the discovery and summary judgment deadlines. As a result, the Court concludes that Plaintiff is competent to litigate this case on his own at this stage of the proceedings.

---

[1] Some of Plaintiff's submissions have shown his relative inexperience with litigation. *See, e.g.*, dkt. 21 (order denying motion for default judgment because Defendants had appeared and answered); dkt. 40 (order granting motion to quash interrogatories served on non-parties). But the problems he has encountered in this litigation are similar to those faced by many inexperienced pro se litigants.

Accordingly, Plaintiff's motions for assistance with recruiting counsel, dkts. [41] and [58], are **denied without prejudice**. The **clerk is directed** to send Plaintiff a motion for assistance recruiting counsel form, which he must use if he chooses to renew his motion. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

## II.    Motion for Extension of Time (Dkt. 59)

Plaintiff's motion to extend the deadline for him to respond to Defendants' discovery requests, dkt. [59], is **granted** to the extent that Plaintiff shall have up to and including **November 20, 2024**, to respond to Defendants' discovery requests. In addition, the Court *sua sponte* extends the deadline for completing discovery up to and including **December 20, 2024**. That means that all written discovery requests must be served on or before **November 20, 2024**. *See* dkt. 16 at 5 (discovery requests must be served 30 days before deadline for completing discovery). The Court also *sua sponte* extends the deadline for filing summary judgment motions up to and including **January 21, 2025**.

## III.   Summary and Conclusion

In summary, Plaintiff's motions for assistance with recruiting counsel, dkts. [41] and [58], are **denied without prejudice**. The **clerk is directed** to enclose a blank form motion for assistance with recruiting counsel with Plaintiff's copy of this Order. Plaintiff's motion to extend his deadline to respond to Defendants' discovery requests, dkt. [59], is **granted** to the extent

stated in Section II.  The Court extends the deadline for completing discovery to

**December 20, 2024**, and the deadline for filing summary judgment motions to

**January 21, 2025**.

**SO ORDERED.**

Date: 10/22/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRAIDAN COY
278668
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel